# IN THE COURT OF APPEALS OF TENNESSEE
# AT JACKSON
## October 13, 2004 Session

## WILLIAM EDWARD HARGROVE v. MERRIELLEN HARGROVE

**An Appeal from the Chancery Court for Benton County**
**No. 9533     Ron E. Harmon, Chancellor**

_____

**No. W2004-00237-COA-R3-CV - Filed April 5, 2005**

_____

This case is about post-divorce modification of child support. At the time of the parties' divorce, they adopted a permanent parenting plan which designated the father as the primary residential parent of the parties' son and the mother as the primary residential parent of the parties' daughter. Each had a child support obligation to the other, which was offset with the father paying the difference to the mother. The daughter graduated from high school. As a result, the father's child support obligation to the mother was terminated, and the mother was ordered to pay increased child support to the father for their son. The trial court also ordered the mother to reimburse the father for the son's health insurance premiums and to pay the father's attorney's fees. The mother appeals, arguing that her child support obligation could not be modified because the evidence did not indicate a significant variance in the mother's income as required by Tennessee law. We affirm the ruling of the trial court as modified.

### Rule 3 Appeal; Judgment of the Chancery Court is affirmed as modified

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Clifford K. McGown, Jr., Waverly, TN, for the appellant Merriellen (Hargrove) Warstler

Michael U. King, Huntingdon, TN, for the appellee William Edward Hargrove

# MEMORANDUM OPINION[1]

William Edward Hargrove ("Father") and Merriellen (Hargrove) Warstler ("Mother") were granted a divorce in the Chancery Court of Benton County, Tennessee. In an order dated February 13, 2003, Father and Mother adopted a permanent parenting plan (the "Plan") which designated Father as the primary residential parent for the parties' minor son, Ethan, born on February 7, 1990. Mother was designated the primary residential parent for the parties' minor daughter, Jessica, born on January 5, 1985.

The Plan stipulated that child support for Jessica would terminate upon her eighteenth birthday or graduation from high school, whichever occurred later. Under the Plan, Father's child support obligation was $574.00 per month and Mother's child support obligation was $221.00 per month. For convenience, these amounts were offset against each other, resulting in Father paying Mother $353.00 per month. The Plan provided that, once Father no longer owed Mother child support for Jessica, Mother would pay Father child support until Ethan reached the age of majority or graduated from high school, whichever occurred later.

Jessica graduated from high school in May 2003. She had already reached majority. Consequently, on June 19, 2003, Father filed a Motion to Modify Child Support. In the motion, Father sought to terminate his child support obligation for Jessica, require Mother to pay child support for Ethan, and also to require Mother to maintain medical insurance for Ethan.

The parties attempted to negotiate a compromise. In the course of the negotiations, Mother provided Father a payroll stub, from which Father calculated Mother's support obligation for Ethan as $237 per month, an increase of $16. After the negotiations failed, Mother, acting *pro se*, filed a Motion to Dismiss, asserting that Father failed to prove a significant variance to justify a modification of her child support obligation. Mother also requested that Father continue to pay for medical insurance for Ethan.

A hearing on Father's motion was held on October 8, 2003, and an order was entered on November 10, 2003. In the order, the trial court held that Father was relieved of his support obligation for Jessica, that Mother was required to pay Father $237 per month in child support for

---

[1]**Rule 10.  MEMORANDUM OPINION**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Ethan, and that Mother was required to reimburse Father $32.68 per month for medical insurance premiums for Ethan.

From this order, Mother now appeals. On appeal, Mother asserts that the trial erred when it increased Mother's monthly child support obligation and required Mother to reimburse Father for health insurance premiums for Ethan.

Our review of the trial court=s decision with regard to the child support modification is de novo upon the record with a presumption of correctness of all findings of fact, unless the evidence preponderates against the factual findings. Tenn. R. App. P. 13(d); ***Leach v. Leach***, No. W2000-00935-COA-R3-CV, 2001 WL 720635, at *3 (Tenn. Ct. App. June 25, 2001). The trial court's conclusions of law, however, are accorded no such presumption of correctness, but are reviewed *de novo*. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996).

Mother first asserts that the trial court erred in ordering her to pay an additional $16 per month because the new child support obligation reflects a 7% increase above her prior support obligation and is not a "significant variance" as required by Tennessee statute. Tennessee Code Annotated Section 36-6-101 states "[i]n cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e)." The relevant regulation, applicable at the time this action was filed,[2] provided that "a significant variance shall be at least 15% if the current support is one hundred ($100.00) or greater per month." Tenn. Comp. R. & Regs., Ch. 1240-2-4-.02(3).

A child support obligation is calculated based on the obligor's income. As such, a modification of the child support obligation is calculated based on a change in the obligor's income. The record on appeal does not include Mother's income for either the first order of child support or the subsequent adjustment. In the absence of this information, this Court cannot determine whether the trial court erred in adjusting Mother's child support obligation, and we must assume that the trial court's factual findings were correct. As a result, the decision of the trial court modifying Mother's child support obligation will not be disturbed. ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Mother next asserts that the trial court erred in requiring her to pay the entire cost of medical insurance for Ethan. The appellate record does not include any basis for Mother to be required to pay the entire cost of Ethan's medical insurance coverage; consequently, we modify the trial court's decision and order Father and Mother to each pay half of the cost of the medical insurance for their son.

---

[2] Tennessee child support guidelines changed substantially effective January 18, 2005. This case is governed by the regulations in effect when the trial court ruled on Father's motion.

Finally, Mother asserts that Father should not have been awarded attorney's fees by the trial court. A trial court is afforded discretion concerning whether to award attorney's fees. ***Leach v. Leach***, No. W2000-00935-COA-R#-CV, 2001 WL 720635, at *3 (Tenn. Ct. App. 2001) (citing ***Long v. Long***, 957 S.W.2d 825, 827 (Tenn. Ct. App. 1997)). Accordingly, we affirm the trial court's award of attorney's fees to Father.

Father seeks his attorney's fees and costs associated with this appeal. We decline this request.

The decision of the trial court is affirmed as modified, as set forth above. Costs of this appeal are taxed equally to Appellant Merriellen (Hargrove) Warstler and to Appellee William Edward Hargrove, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE